```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Robert M. Mee,                  :
       Plaintiff,               :
                                :
       v.                       :    File No. 1:08-CV-25
                                :
David LaChance,                 :
       Defendant.               :

<u>OPINION AND ORDER</u>
(Papers 4, 5 and 7)

Robert M. Mee, proceeding *pro se*, brings this action claiming that his arrest violated his constitutional rights. The defendant, David LaChance, is a Detective in the Rutland Police Department. Currently pending before the Court are LaChance's motion for a more definite statement (Paper 4) and motion to consolidate this action with a nearly identical case (Paper 5). Also pending is Mee's motion for appointment of counsel (Paper 7).

I. <u>Consolidation</u>

The Court will first address the motion to consolidate. Mee initiated this action in state court on January 11, 2008. On February 6, 2008, LaChance filed a notice of removal to this Court. A second action, <u>Mee v. Alberico</u>, File No. 1:08-CV-24 (hereinafter "<u>Alberico</u>"), followed a similar procedural path. The facts alleged in this case are identical to those alleged in <u>Alberico</u>, with the only difference being the name of the defendant.

A court may consolidate two or more actions pursuant to Fed. R. Civ. P. 42(a) where the actions involve "a common question of law or fact."  See Fed. R. Civ. P. 42(a); see also Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). The trial court has broad discretion to consolidate actions under Rule 42(a), Johnson, 899 F.2d at 1284, and cases may be consolidated even where a defendant is named in only one of the complaints.  See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc., 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (citations omitted).  While a court may enter orders of consolidation "to avoid unnecessary costs or delay . . . . [c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial."  Johnson, 899 F.2d at 1284-85 (citations omitted).

Consolidation of this case with Alberico is clearly warranted, as the two complaints are virtually identical.  As noted above, the only variation is the insertion of the defendant's name.  Having two such similar cases litigated separately would waste both time and resources, and consolidation is unlikely to have any impact on either fairness or impartiality at trial.  Moreover, the motion is unopposed.  For these reasons, the motion to consolidate (Paper 5) is GRANTED.

II.  <u>More Definite Statement</u>

　　　LaChance also moves for a more definite statement of claims. In support of his motion, he argues that Mee has failed "to articulate exactly what Defendant LaChance did or failed to do which resulted in a violation of his constitutional rights." LaChance contends that Mee's complaint is insufficient under Fed. R. Civ. P. 8 and 10(b).

　　　Rule 8(a) states that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  "The purpose of this Rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." <u>Herbert v. Syracuse, N.Y. Welfare Office</u>, 2006 WL 2794400, at *1 (N.D.N.Y. Sept. 25, 2006) (citations and internal quotation marks omitted).

　　　Rule 10 states, in relevant part, that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Fed. R. Civ. P. 10(b).  Rule 10 "was designed . . . so that allegations might easily be referenced in subsequent pleadings." <u>Phillips v. Girdich</u>, 408 F.3d 124, 128 (2d Cir. 2005).

"A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal."  Herbert, 2006 WL 2794400, at *1 (citing Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  However, dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Hudson v. Artuz, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998) (citation and internal quotation marks omitted).

Here, a more definite statement is required under both Rules 8 and 10.  The complaint begins with broad references to constitutional violations, but attributes little actual conduct to either LaChance or Alberico.  Mee's initial claims focus on a constitutionally "defective" arrest based upon a "knowingly unfounded" complaint, with no specific allegations of misconduct by any person.  If anything, this claim appears to be aimed at a prosecutor, as it asserts that "a state's attorney shall not set his hand to an official complaint . . . unless he had gone far enough in a preliminary investigation to satisfy himself of the probable guilt of the party to be charged."  If Mee wishes to pursue a claim against either LaChance or Alberico pertaining to the legality of his arrest, he must amend his complaint to offer

4

short, plain statements of their involvement in the alleged wrongdoing.

The complaint goes on to allege a violation of Mee's <u>Miranda</u> rights, and allegedly quotes from a "deposition of the defendant." The quoted passage is included here *and* in the complaint against Alberico, identifying the speaker in both cases as "the defendant." In any event, the facts in this portion of the complaint are considerably more detailed than in his initial claim, specifying actual conduct by both LaChance and Alberico on the date of his arrest. These claims are not enumerated in the fashion required by Rule 10, however, and should be restated in an amended complaint.

Accordingly, the motion for a more definite statement is GRANTED. Mee shall file an amended complaint in the consolidated case within 30 days of the date of this Order. Failure to comply with this deadline may result in the dismissal of all claims.

III. <u>Appointment of Counsel</u>

Mee has moved the Court for appointment of counsel (Paper 7). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. <u>See</u>, <u>e.g.</u>, <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. <u>In re</u>

Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered by the Court include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

The Court must consider the issue of appointment of counsel carefully, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor."  Carmona, 243 F.3d at 632.

In this case, the lack of clarity in the complaint makes it difficult to assess the likely merit of Mee's claims.  To the extent that his claims can be understood, their merit is questionable.  Mee is attacking the legality of his arrest and the admissibility of statements he made to police.  His claims concern an ongoing state court criminal proceeding.  If he proves his claims but is convicted in state court, his success here could call into question the validity of that conviction.  Given the posture of the case, the Court questions whether proceedings in state court must first be concluded before Mee can seek relief here.  If the case is not properly before the Court at this time, it will be dismissed.

Even assuming that Mee's claims belong here, the Court is unable to conclude, at this early stage in the case, that he will be unable to pursue his claims *pro se*.  The "crucial facts" of the case appear to focus on events in which Mee was personally involved, thereby minimizing the need for investigation.  It is not clear whether there will be conflicting facts and a need for cross-examination, or whether the questions in this case will be primarily legal in nature.  If the issues are legal, they are unlikely to be complex.  Finally, the Court sees no reason at this time why appointment of counsel will be more likely to lead to a just determination.  The motion for appointment of counsel is, therefore, DENIED.

## Conclusion

For the reasons set forth above, LaChance's motion for a more definite statement (Paper 4) and motion to consolidate this action (Paper 5) are GRANTED.  Mee's motion for appointment of counsel (Paper 7) is DENIED.

This case shall be CONSOLIDATED with <u>Mee v. Alberico</u>, File No. 1:08-CV-24.  Mee shall file an amended complaint in the consolidated case within 30 days of the date of this Order.  Failure to comply with this deadline may result in the dismissal of all claims.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of June, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
